AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   22-mj-156 |
| Charles Birdsell ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
       through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☑ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ❏ Prior criminal history
- ❏ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ☐ History of violence or use of weapons
- ☒ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

See attached.

Nature and circumstances of offense:

See attached.

The strength of the government's evidence:

See attached.

The defendant's history and characteristics, including criminal history:

See attached.

The defendant's dangerousness/risk of flight:

See attached.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 07/19/2022

Digitally signed by G. Michael Harvey
Date: 2022.07.19 07:43:39 -04'00'

United States Magistrate Judge

Defendant's evidence/arguments for release

Defendant, who is charged with receipt and attempted receipt of child pornography as well as possession of child pornography, argued first that he is not a flight risk, explaining that he has been aware of the potential charges since March 2022 when a search warrant was executed at his residence. Since that time, his attorney has been in contact with the government and, when the arrest warrant was issued, Defendant self-surrendered.

As to dangerousness, Defendant acknowledged the seriousness of the offenses. He emphasized, however, that he is not charged with distributing child pornography, but only with receipt and possession. He insisted that the alleged conduct at issue, although reportedly occurring over a period of more than a year, was episodic rather than constant, and occurred during the ongoing Covid pandemic, with its attendant psychological stressors, including isolation. More, since late June 2022, Defendant has been engaging in sex-specific treatment that is also addressing his substance abuse, which was a key factor in any compulsive online behaviors. Finally, Defendant challenged the government's assertion that he is so dangerous as to require pre-trial detention by pointing out that law enforcement has known of his alleged conduct since March 2021 yet waited approximately a year before it sought and executed a search warrant at his residence and then an additional number of months before seeking an arrest warrant. That lack of urgency, Defendant argues, belies the government's insistence that pretrial detention is necessary to protect the community. Instead, Defendant sought to participate in the Pretrial Services Agency's high-intensity supervision program ("HISP") with no access to electronic devices or the internet, so he could continue living at his local residence during the pendency of this case.

Nature and circumstances of the offense

The nature and circumstances of the charged offenses support detention. Defendant is charged with serious crimes, one of which—receipt (or attempted receipt) of child pornography—subjects him not only to a presumption of dangerousness, but also carries a five-year mandatory minimum prison term. Beyond those facts, which signal Congress' view of the severity of such offenses, the manner and extent of Defendant's violations of the law militate in favor of pretrial detention.

Chief Judge Howell's decision affirming an order of pretrial detention in another case charging receipt and possession of child pornography—*United States v. Glover*—is instructive. There, when law enforcement executed a search warrant on the defendant's residence, he was caught *in flagrante delicto*, watching videos on his computer featuring sexual activity with children. Order of Detention Pending Trial at 6, *United States v. Glover*, No. 22-cr-134 (D.D.C. Nov. 24, 2021). At that time, law enforcement found methamphetamine on the defendant's desk, "suggesting active illegal drug use." *Id.* at 10. Electronic devices seized by law enforcement revealed a collection of more than 100 videos and images of child pornography across numerous devices and on multiple platforms, some using "encryption and other privacy enhancing techniques to avoid detection by law enforcement." *Id.* at 7. Chief Judge Howell further noted that the alleged conduct occurred over the course of more than one year. *Id.* at 10.

There is little daylight between the conduct at issue in *Glover* and the conduct the government alleges here. Similar to *Glover*, when law enforcement executed a search warrant at Defendant's residence, he answered the door naked from the waist down and was apparently actively engaged in a Zoom conference with other individuals who had usernames indicating sexual interest in children. As in *Glover*, the government proffered that images and videos of child pornography—numbering in the hundreds—were found on multiple devices apparently belonging to Defendant. Those images were allegedly collected using various platforms over the course of more than a year. There is also evidence that Defendant used encrypted applications to chat about and solicit images of child pornography. It further appears that, like in *Glover*, Defendant here used methamphetamine. Indeed, Defendant indicated that drug use contributed to his

compulsive online behaviors. Thus, as in *Glover*, "the government's evidentiary proffer supports the finding that defendant has used fairly sophisticated secure technology and applications for a lengthy period of time to obtain and view child pornography and connect with other people who want to engage in this same illegal activity for sexual gratification." Order of Detention Pending Trial at 8, *Glover*. Accordingly, this factor weighs "heavily in favor of pretrial detention." *Id.*

The strength of the government's case

The strength of the government's evidence—whether measured from the perspective of the evidence of Defendant's guilt or the evidence of the danger his release would represent to the community—also weighs in favor of his pretrial detention. The government proffered that it recovered hundreds of illicit images from electronic devices owned by Defendant. Law enforcement also has video of an individual it believes to be Defendant masturbating to videos of child pornography and copies of communications between Defendant and others discussing child pornography and soliciting images of child pornography.

Defendant's history and characteristics, including criminal history

Defendant has ties to the community, including a residence he owns and lives in and, until recently, full-time employment in the area. Further, he has no criminal history. While in the typical case those facts might weigh heavily in favor of release, the Court agrees with Chief Judge Howell's analysis in *Glover* that "defendant's commendable public facing life is not the whole story." Order of Detention Pending Trial at 9, *Glover*. Rather, the government proffers that Defendant has solicited, possessed, and viewed images and videos of child pornography repeatedly over the course of more than a year and, indeed, used secure technology designed to hide the charged behavior. In such circumstances, Defendant's ties to the community and lack of criminal record weigh only slightly in favor of release.

Defendant's dangerousness/risk of flight

As should be clear from the foregoing discussion, the Court finds that Defendant presents a danger to the community—namely, that he will continue to consume child pornography, thus creating demand for its production and for the sexual exploitation of children—that cannot reasonably be mitigated by the imposition of even the most stringent conditions of release. Defendant suggested that placement in HISP while prohibiting his use of electronic devices and access to the internet would mitigate any concerns about his dangerousness. However, according to the government's proffer, he has already shown some ability to shield his behavior from detection. And the Court would have little capacity to monitor and enforce those prohibitions, as the Pretrial Services Agency in this district is not performing home visits and is not currently able to monitor its supervisees' use of electronic devices or access to the internet. More, as the government points out, Defendant's proposed conditions would put Defendant in precisely the same position he was in when he allegedly committed these crimes: living alone in the very residence where he allegedly solicited, received, and possessed illicit pornographic images and videos of children. The Court acknowledges Defendant's argument that the government delayed seeking a search warrant for many months after it was aware of the charged criminal conduct but finds that does not militate against detention here. Whatever the government's motives for that delay, its proffer has convinced *the Court* that no set of conditions could reasonably ensure the safety of the community should Defendant be released. Therefore, Defendant shall be detained during the pendency of this case.

The Court does not find Defendant to be a flight risk.